DPMLGSPRLA, LLC

VERSUS

DOCTOR'S ADVANTAGE, INC.

NO. 25-C-34

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

February 20, 2025

Morgan Naquin
Deputy Clerk

**IN RE** DPMLGSPRLA, LLC

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 831-258

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Scott U. Schlegel

**WRIT DENIED**

On August 1, 2016, plaintiff-relator, DPMLGSPRLA, LLC, a medical practice specializing in podiatry, and defendant-respondent, Doctor's Advantage, Inc. ("DA"), executed a contract for medical coding/billing services. Plaintiff alleges that after initially performing satisfactorily, DA "negligently and fraudulently mismanaged numerous duties and obligations it was required to perform" under the contract. More specifically, plaintiff alleged that DA "failed to input and/or correct a multitude of medical claim and billing codes and failed to use the correct systems, which allegedly deprived Plaintiff of substantial payment and caus[ed] loss of income."

During discovery, DA asked plaintiff for: "Any document which you contend supports your claim for the damages you are seeking in this matter" in its Request for Production of Documents No. 1. Plaintiff's response to DA's request stated: "Please see the produced boxes, tax returns, spreadsheets, and emails."

25-C-34

According to DA, plaintiff produced almost 21,000 loose pages of documents, many of which reference data collected and maintained in plaintiff's TRAKnet and/or Trizetto systems, but that plaintiff refused to produce the requested TRAKnet and Trizetto data itself, as confirmed by plaintiff's counsel in September 2024.[1]

DA filed a motion to compel discovery responses, arguing that plaintiff's complete billing data is not only relevant but also crucial to its defense, and the information cannot be obtained without access to plaintiff's TRAKnet/Trizetto systems. In support of its motion to compel, DA cited *Moss v. State*, 05-1963 (La. 4/4/06), 925 So.2d 1185, a case in which the Supreme Court determined that La. R.S. 13:3715.1 authorizes a court to compel the disclosure of privileged medical information after a contradictory hearing, if disclosure is necessary to promote the interests of justice, even in the absence of one of the statutory exceptions enumerated in La. C.E. art. 510 (B)(2).[2]

In opposition, plaintiff argued that DA had access to all of the necessary documents through those already produced in response to the discovery requests. Further, plaintiff contended that DA had access to both the TRAKnet and Trizetto systems when it was working for plaintiff, and that DA maintained a backup system during that time. Plaintiff also contended that neither system has a date-set administrative lock to limit DA's access exclusively to the term of the contract between the parties. Further, plaintiff argued that all of the error reports, explanations of benefits, and documentation of rejections were already submitted. Finally, plaintiff argued that the data sought is private information that belongs to

---

[1] According to plaintiff, the Trizetto system managed the medical coding claims and identified claim errors in order to correct the errors before submitting a claim for processing. TRAKnet managed the billing for reimbursement of medical treatment claims from insurers and other payors.

[2] La. C.E. art. 510 (B)(2) provides a number of exceptions to the general rule that a patient has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication made for the purpose of receiving health care.

2

its patients, not to plaintiff. Plaintiff claimed that DA "never asked or informed any of the nonparty patients" that it was seeking their information, nor did it acquire waivers for production of that information. Therefore, plaintiff argued, the trial court could not order production of the information.

The trial court granted DA's motion to compel, ordering plaintiff to produce the documents but imposing certain restrictions and protections. Specifically, the court's judgment ordered plaintiff to "**fully** produce documents responsive to **Request for Production of Documents No. 1**," but that the documents "*shall* be limited to medical coding, claims, and billing information contained in the TRAKnet and Trizetto systems during the 2016-2020 term of the Contract" (all emphasis in original). The trial court's judgment stated that plaintiff "*shall not* be required to disclose any documents and/or information to [DA] regarding individuals that became patients after the termination of the Contract between the parties, or after October 2020" (emphasis in original). Finally, the trial court's judgment indicated that the documents "*shall* be produced according to a *Protective Order*," and that they "*shall* be organized and labeled." (Emphasis in original).

Plaintiff now seeks review of that ruling, arguing that there are adverse public policy implications if the trial court's judgment—requiring disclosure of certain patient information "without any showing of defendant's efforts to inform" the patients; in violation of the doctor-patient privilege; and without DA having to show that it attempted to gain this information from its own sources—is allowed to stand.

We disagree with plaintiff's argument. First, the trial court ordered the information to be produced subject to a protective order, and prohibits any unnecessary disclosure of non-party patients' records. Second, the trial court's judgment and reasons for judgment reveal that after conducting a contradictory

3

hearing, its ruling was sufficiently tailored to produce the information requested.

The Louisiana Supreme Court stated:

> [T]he legislature has entrusted the courts with the duty of determining, in the context of a contradictory hearing, on a case by case basis, according to the unique facts presented, whether disclosure of a non-party's otherwise privileged medical information is "proper" in a particular case in the absence of consent or a waiver. This determination is not … confined solely to ascertaining whether a statutory exception to the privilege exists.

*Moss*, 925 So.2d at 1199-1200. Here, DA requested applicable billing and coding information to address a contractual dispute between the parties, not to scrutinize a particular individual's medical records. After a contradictory hearing, the trial court was evidently satisfied that DA met its burden of showing relevance and need.

Third, on the showing made, we are unable to determine whether the documents that plaintiff already produced satisfied Request for Production No. 1, as plaintiff argues.

For all of these reasons, and because a trial court is accorded vast discretion in matters of discovery, on the showing made, we cannot say the trial court abused its discretion. Accordingly, plaintiff's writ application is denied.

Gretna, Louisiana, this 20th day of February, 2025.

**SMC**
**SJW**
**SUS**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/20/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-34**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Pierre W. Mouledoux (Relator)          Robert T. Garrity, Jr. (Relator)
                                       Paul J. Politz (Respondent)

### MAILED

Lauren D. Kelley (Respondent)
Attorney at Law
127 Terra Bella Boulevard
Covington, LA 70435